**Diane SAUMUR, et al., Plaintiffs—
Appellants,**

v.

**Paul ROBLES, et al., Defendants—
Appellees.**

No. 01–17110.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2003.

Decided May 8, 2003.

Before: FERGUSON, MCKEOWN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Diane and Gary Saumur ("the Saumurs") appeal the District Court's partial dismissal and partial summary judgment of their 42 U.S.C. § 1983 action against Appellees. The Saumurs contend that the District Court erred in concluding that a search warrant issued for their residence was supported by probable cause and that the search of their house was reasonably executed. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Be-

cause the parties are familiar with the facts and procedural history of this case, they are not recited here except as necessary to explain our analysis. For the reasons set out below, we affirm.

We review a district court's dismissal of a § 1983 action *de novo. See Morales v. City of Los Angeles,* 214 F.3d 1151, 1153 (9th Cir.2000). We review a district court's grant of summary judgment in a § 1983 action by the same standard. *Stone v. City of Prescott,* 173 F.3d 1172, 1174 (9th Cir.1999). "We review de novo the district court's conclusions that the alleged omissions in an affidavit are not material to a finding of probable cause." *Liston v. County of Riverside,* 120 F.3d 965, 973 (9th Cir.1997) (citation omitted).

In order to survive a motion to dismiss, "a § 1983 plaintiff must [allege] that the [warrant affiant] 'made deliberately false statements or recklessly disregarded the truth in the affidavit' and that the falsifications were 'material' to the finding of probable cause." *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126 (9th Cir.2002) (quoting *Hervey v. Estes,* 65 F.3d 784, 790 (9th Cir.1995)); *see also Liston,* 120 F.3d at 973. In the instant case, the facts as alleged by the Saumurs fail to demonstrate that the affidavit would not have supported probable cause had the alleged omissions been included. The fact that the warrant affiant knew that the Saumurs had lived at the residence two years previously was not material to the probable cause determination, given that the affidavit presented extensive, specific, and current information that the target of the search had recently moved to the residence and was dealing drugs there. Similarly, the Saumurs' contention that the affiant had a duty to inform the magistrate that he had not re-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

viewed telephone, utility, or motor vehicle records fails because the affidavit supported probable cause that the suspect was currently residing at the residence regardless of whose name appeared on the utility bills. Because the Saumurs alleged no facts in their complaint to demonstrate that "had the ommitted facts ... been included the magistrate would not [ ] have issued the warrant without more," *id.* at 974, we affirm the District Court's holding that the warrant was supported by probable cause.

In order to sustain their claim against the officers who executed the warrant, the Saumurs must show that, viewing the facts as alleged "in the light most favorable to the plaintiffs, ... the officers' conduct violated a constitutional right." *Ganwich v. Knapp,* 319 F.3d 1115, 1119 (9th Cir.2003) (citing *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). Because the warrant in this case was supported by probable cause, the officers' conduct in this case did not violate any constitutional right. *See United States v. Vesikuru,* 314 F.3d 1116, 1124 (9th Cir. 2002). The officers who executed the warrant were therefore entitled to qualified immunity. Although the District Court did not rest its summary judgment decision on this ground, we believe that this analysis is sufficient to decide this aspect of the case. *See Saucier,* 533 U.S. at 201 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."); *see also Alameda Newspapers, Inc. v. City of Oakland,* 95 F.3d 1406, 1420 (9th Cir. 1996) ("we may affirm a grant of summary judgment on any ground adequately supported in the record.").

\*   \*   \*   \*   \*   \*

The decision of the District Court is **AFFIRMED.**